UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATE CARRIG,

            Plaintiff,

        v.

KELLOGG USA INC.,

            Defendant.

CASE NO. C12-837RSM

ORDER ON MOTION TO COMPEL

This matter is before the Court for consideration of defendant's motion to compel answers to discovery. Dkt. # 13. Plaintiff Kate Carrig brought this employment discrimination action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and state law against gender discrimination and sexual harassment, RCW 49.60 *et seq*. Dkt. # 1. The claims are based upon a three-month period of short-term disability leave which plaintiff took in 2011 due to the stress of her working environment. *Id., ¶* 2.8. She asks in her prayer for relief for compensation for lost wages, together with damages for emotional distress and other relief. *Id*.

Defendants have now moved pursuant to Fed.R.Civ.P. 37 to compel responses to interrogatories and Request for Production regarding plaintiff's health care providers and medical records. Counsel has provided certification of a good faith effort to resolve the matter without Court intervention. Declaration of Leigh Ann Tift, Dkt. # 14, ¶ 5. Although this certification does not fully comply with the requirement that it "must list the date, manner, and participants to the conference," the deviation is minimal, so the Court will address the merits of the motion in order to expedite discovery in this matter.

ORDER - 1

Local Rule LCR 37(a)(1). For the reasons set forth below, defendant's motion shall be granted in part.

## DISCUSSION

Interrogatory No. 20 asks plaintiff to

> [i]dentify each health practitioner, including but not limited to physicians, psychiatrists, and mental health counselors, who has treated or examined you for any problem that you contend resulted from, and/or was exacerbated by, any allegedly unlawful acts of Defendant or its agents, and for each such health practitioner, identify the date(s), reason(s) and conditions(s) for which you sought examination or treatment.

Tift Declaration, Dkt. # 14, Exhibit 1. Plaintiff responded with an objection that the information sought is protected by the physician-patient and psychiatrist-patient privileges, that it seeks private health information that is not subject to disclosure, and that it is irrelevant as well as overbroad in scope. *Id*.

Interrogatory No. 21 asks plaintiff to

> [i]dentify each health practitioner (including but not limited to physicians, psychiatrists, and mental health counselors) who you have not identified above who has treated or examined you at any time during the last ten years, and for each such health practitioner, identify the date(s), reason(s) and condition(s) for which you sought examination or treatment.

*Id*. Plaintiff objected to this interrogatory on the same bases she asserted in objecting to Interrogatory No. 20, above. *Id*.

Request for Production No. 23 asks plaintiff to "[p]roduce any and all documents that relate to any treatment or examination by you by any of the health practitioners you are requested to identify in the prior two interrogatories." *Id*. Again, plaintiff objected on the grounds of privilege, privacy, lack of relevance, and overbreadth. *Id*. She did agree to provide, without waiving any privilege, correspondence concerning her short-term disability claim. *Id*.

Defendant contends that under both state and federal law, plaintiff has put her mental condition at issue in this lawsuit by claiming damages for emotional distress. Plaintiff opposes the motion to compel by asserting that she has alleged mere "garden variety" emotional distress, which does not waive the physician-patient privilege; she is not seeking compensatory damages for medical treatment or care; she will not call any expert witnesses to testify to her mental or emotional state or damages therefrom; and she does not rely on health care records to support her claims. Plaintiff's Opposition, Dkt. # 15, p. 3.

The physician-patient and psychologist-patient privileges are protected by statute in Washington.

ORDER - 2

RCW 5.60.060(4) (physicians); RCW 18.83.110 (psychologists).  However, under Washington law, "Ninety days after filing an action for personal injuries or wrongful death, the claimant shall be deemed to waive the physician-patient privilege."  RCW 5.60.060(4)(b).  Washington courts have recently applied this statute to find the psychologist-patient privilege waived in the context of emotional distress claims in cases brought under the Washington Law Against Discrimination, RCW 49.60.

> Thus, when a plaintiff puts his mental health at issue by alleging emotional distress, he waives his psychologist-patient privilege for relevant mental health records.  The defendant is entitled to discover any records relevant to the plaintiff's emotional distress. . . . [S]uch records and testimony are relevant in showing causation or the degree of the alleged emotional distress.  Even if the plaintiff stipulates that he will not introduce any psychologist or expert testimony, the records may still be relevant to show causation and magnitude.

*Lodis v. Corbis Holdings, Inc.*, —P.3d—, 2013 WL 149879 (Wash.App.Div I, January 14, 2013).

The federal law approach to waiver is more complicated.  District courts have adopted different approaches to determine whether the patient has waived his or her psychotherapist-patient privilege. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-37 (N.D.Cal.2003).  Under the broad approach, courts have held that a simple allegation of emotional distress in a complaint constitutes waiver. *See Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127 (E.D.Penn.1997); *see also Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D.Cal.1999).  Under the narrow approach, at the other end of the spectrum, courts have held that there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived. *See Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D.Mass.1997); *see also Hucko v. City of Oak Forest*, 185 F.R.D. 526 (N.D.Ill.1999).

There is a middle ground between the *Sarko* and *Vanderbilt* lines of cases. Under this approach, courts have generally found a waiver when the plaintiff has done more than allege "garden-variety" emotional distress. Garden-variety emotional distress has been described by one court as "ordinary or commonplace emotional distress," that which is "simple or usual."  In contrast, emotional distress that is not garden variety "may be complex, such as that resulting in a specific psychiatric disorder." *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000).  In *Ruhlmann*, the court concluded that the plaintiff did not waive the psychotherapist-patient privilege by seeking such garden-variety or "incidental emotional distress damages." *Id*. at 450.  Similarly, in *Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D.Ill.1999), the court held that the plaintiff avoided waiver of the privilege by

ORDER - 3

limiting the compensation she sought to humiliation, embarrassment, anger, and other similar emotions. *Id*. at 309.

Applying the "middle ground" approach here, the Court finds that plaintiff has waived the privilege by asserting more than a "garden variety" claim of emotional distress. She does not simply seek damages for ordinary emotional distress that resulted directly from the alleged discrimination and harassment; she seeks compensation for wages lost during a period of disability leave she took on account of that harassment. *See,* Complaint, Dkt. # 1, ¶¶ 2.8, 2.10, 3.7, 4.3. As this Court has observed previously, emotional distress which is so severe that it eliminates a person's ability to work and forms the basis for leave is not "garden variety." *Paananen v. Cellco Partnership*, Cause No. C08-1042RSM, Dkt. # 25, p. 4.

Moreover, plaintiff admitted in her response to interrogatories that she previously took short-term disability leave in 2006 and again in 2008. Tift Declaration, Dkt. # 14, Exhibit 1, Interrogatory No. 4. In light of this history, defendant is entitled to discovery of plaintiff's medical and counseling records to evaluate both causation and magnitude of the emotional distress which led to her 2011 period of disability, for which she claims damages from defendant. Defendant is also entitled to discovery of medical records which may shed light on the basis for her prior periods of disability, for purposes of comparison and cross-examination.

## CONCLUSION

Accordingly, defendant's motion to compel is GRANTED IN PART. Plaintiff shall, within ten days of the date of this Order, answer the interrogatories and produce medical and counseling records (or provide signed releases) for the time period beginning January 2006 through the present.

Neither party has addressed the Fed.R.Civ.Proc. 37 provision for apportioning award of reasonable expenses in bringing the motion. Fed.R.Civ.P. 37(a)(5)(C). The Court accordingly declines to award expenses.

DATED this 30 day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4